# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON HOOKER,<br><br>        Plaintiff,<br><br>    v.<br><br>W. SIMON, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-00389-OWW-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE RETALIATION CLAIM AGAINST DEFENDANT SIMON<br><br>(Doc. 1) |

I.   Screening Order

   A.   Screening Standard

Plaintiff Cameron Hooker ("plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132 (Americans with Disabilities Act), and 29 U. S. C. § 794 (Rehabilitation Act). Plaintiff filed this action on April 7, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.   Plaintiff's Claims

Plaintiff is an inmate housed at the California Substance Abuse Treatment Facility and State Prison-Corcoran, where the events at issue in this action allegedly occurred. Plaintiff seeks money damages and injunctive relief from defendants W. Simon, Derral G. Adams, Jeanne Woodford, and N.Grannis for allegedly violating his rights under federal law.

Plaintiff is dyslexic, a slow reader, and spells at the fourth grade level. On January 15, 2004, plaintiff's request for an accommodation of his disabilities by way of access to special equipment in the library, including a computer with spelling and grammar check, was granted. After plaintiff's

1  intention to file a lawsuit became known, defendant Simon told the law librarian to ignore plaintiff's
2  granted accommodation and disallow plaintiff from using the computer. Plaintiff filed an inmate
3  appeal grieving defendant Simon's action. The appeal was denied by defendant Simon on February
4  3, 2005, who told plaintiff to purchase a typewriter.

5  After defendants Adams and Woodford were served in case number 1:04-cv-06584-LJO-
6  DLB PC Hooker v. Adams, pending in this court, defendant Simon told the librarian not to allow
7  inmates to bring their personal typewriters to the library, even though he previously told plaintiff to
8  get a typewriter. Plaintiff filed an inmate appeal grieving defendant Simon's retaliatory actions, but
9  the appeal was denied by defendant Grannis.

10         1.        Due Process Claim

11  Plaintiff alleges that defendants deprived him of his reasonable accommodation without
12  procedural due process. The Due Process Clause protects against the deprivation of liberty without
13  due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the
14  protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest
15  for which the protection is sought. Liberty interests may arise from the Due Process Clause itself
16  or from state law. Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005). The Due Process Clause itself
17  does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."
18  Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Under state law, the
19  existence of a liberty interest created by prison regulations is determined by focusing on the nature
20  of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by state
21  law are "generally limited to freedom from restraint which . . . imposes atypical and significant
22  hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515
23  U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

24  Plaintiff does not have a protected liberty interest in the reasonable accommodation that was
25  granted him. Id. For this reason, plaintiff may not pursue a claim under section 1983 based on the
26  denial of due process. To the extent that plaintiff was deprived of access to a computer and other
27  tools to accommodate his disability, plaintiff has recourse available, but it is not found within the
28  protection of the Due Process Clause. Plaintiff's fails as a matter of law.

2.      Armstrong Remedial Plan, ADA, and RA Claims

Plaintiff alleges that defendants discriminated against him and prevented him from enjoying his accommodation, in violation of the Armstrong Remedial Plan, the Americans with Disabilities Act, and the Rehabilitation Act.

a.      Armstrong Remedial Plan Claim

A remedial plan or consent decree does not create a substantive right entitling plaintiff to sue. Rather, to the extent that plaintiff wishes to pursue an equitable claim based on defendants' violation of the Armstrong remedial plain, plaintiff must pursue such claim through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Although plaintiff may be able to pursue a damages claim under federal law, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), the allegation that defendants violated the Armstrong Remedial Plan does not, by itself, give rise to a damages claim. If plaintiff wishes to pursue a damages claim, plaintiff must allege facts sufficient to support a claim that defendants violated federal law, not merely that defendants violated a remedial plan. See Frost, 197 F.3d at 353 (district court characterized inmate's damages claim as one alleging violations of his First Amendment rights as opposed to alleging a breach of consent decree); Coleman v. Wilson, 912 F.Supp. 1282, 1294 (E.D. Cal. 1995) (resolution of issues in Gates v. Deukmejian, No. CIV S- 87-1636 LKK JFM, 1988 WL 92568 (E.D. Cal. 1988) governed by Gates consent decree while issues in instant case governed by standards applicable to claims brought under Eighth Amendment)). Accordingly, plaintiff's claim for relief based on the alleged violation of the Armstrong Remedial Plan fails as a matter of law.

b.      ADA and RA Claims

Title II of the Americans with Disabilities Act (ADA) and § 504 of the Rehabilitation Act (RA) "both prohibit discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Section 504 of the RA provides that "no otherwise qualified individual with a

disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." 29 U. S. C. § 794. Title II of the ADA and the RA apply to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996).

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

Individual liability is precluded under the ADA and the RA. A. W. v. Jersey City Public Schools, 486 F.3d 791, 804 (3d 2007); Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d 2001); Parks v. California, No. CIV S-05-1397 LKK DAD P, 2006 WL 3097965, at *9 (E.D.Cal. Oct. 31, 2006); Roundtree v. Adams, No. 1:01-cv-06502 OWW LJO, 2005 WL 3284405, at *8 (E.D.Cal. Dec. 1, 2005); Becker v. Oregon, ODOC, 170 F.Supp.2d 1061, 1066-67 (D.Or. 2001). For this reason, plaintiff's attempt to impose liability on these individual defendants for violation of the ADA and the RA fails as a matter of law

### 3.     Denial of Access to the Courts Claim

Plaintiff alleges that defendant Simon willfully tried to prevent plaintiff from litigating Hooker v. Adams. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. The State is not required to enable the inmate to discover grievances or to litigate effectively once in court. Id.

1    Claims for denial of access to the courts may arise from the frustration or hindrance of "a
2 litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a
3 meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536
4 U.S. 403, 412-15 (2002). To prevail on a claim, the plaintiff must show that he suffered an actual
5 injury by being shut out of court. Id. at 415; Lewis, 518 U.S. at 351.

6    Plaintiff has not alleged any facts supporting a claim that defendant Simon denied him access
7 to the courts and he suffered an actual injury as a result. The court takes judicial notice of the fact
8 that Hooker v. Adams continues to be litigated in this court. Absent the existence of an actual injury,
9 plaintiff's denial of access to the courts claim fails as a matter of law.

10              4.     Retaliation Claim

11   Although plaintiff does not specifically plead a retaliation claim, plaintiff's allegations that
12 defendant Simon took adverse action against him because he filed a lawsuit against prison officials
13 are sufficient to support a cognizable claim under section 1983. Rhodes v. Robinson, 408 F.3d 559,
14 567-68 (9th Cir. 2005).

15   However, plaintiff's allegations do not support a claim against defendants Woodford, Adams,
16 and Grannis. Under section 1983, liability may not be imposed on supervisory personnel for the
17 actions of their employees under a theory of respondeat superior. When the named defendant holds
18 a supervisorial position, the causal link between the defendant and the claimed constitutional
19 violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
20 Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state
21 a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts
22 indicating that the defendant either: personally participated in the alleged deprivation of
23 constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
24 "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
25 is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
26 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

27   Plaintiff has not alleged any facts supporting a claim that defendants Woodford, Adams, and
28 Grannis personally participated in the alleged deprivation of constitutional rights; knew of the

violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Plaintiff's conclusory allegations that defendant Adams "knew or should have known" about defendant Simon's actions and that defendant Woodford "did nothing to correct" the actions fall short of supporting a claim that either defendant was responsible for the violation of plaintiff's constitutional rights.

With respect to defendant Grannis, the existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). The fact that defendant Grannis reviewed plaintiff's inmate appeal at the Director's Level of review in Sacramento is insufficient to support a claim that defendant Grannis is liable to plaintiff under section 1983 for retaliation. "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44). Plaintiff's allegations do not give rise to a claim for relief against defendant Grannis for retaliation.

C. Conclusion

Plaintiff's complaint states a cognizable claim for relief against defendant Simon for retaliation, in violation of plaintiff's rights under the First Amendment. However, plaintiff's complaint does not state any other claims upon which relief may be granted. The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against defendant Simon for retaliation, plaintiff may so notify the court in writing. The court will

1 then issue Findings and Recommendations recommending that the remaining claims and defendants be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court. Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Simon.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendant Simon on his cognizable retaliation claim; and

///
///
///

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   July 24, 2007**                                  **/s/ Sandra M. Snyder**
                                                   UNITED STATES MAGISTRATE JUDGE