# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| Cameron Hooker, | No. 1:06-cv-00389 |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| W. Simon, et al., | |
| Defendants. | |

Before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 24). This case arises from the treatment of Plaintiff while in custody at the California Substance Abuse Treatment Facility (CSATF). Plaintiff claims that the Defendants violated his rights under the Americans with Disabilities and Rehabilitation Acts and seeks injunctive relief. For the reasons stated herein, the Court **grants** the Defendants' Motion.

**I. Background**

Plaintiff is dyslexic, a slow reader, and spells at a fourth-grade level. On January 15, 2004, Plaintiff was given access to special equipment in the CSATF's library to accommodate his disability, including a computer with spell check and grammar check. In September of that year, after the Defendants found out that Plaintiff was going to file a lawsuit about the confiscation of his typewriter the year before, Defendants revoked Plaintiff's special accommodations and did not allow Plaintiff to use the library computer. In December of 2004, Defendant Simon suggested to Plaintiff that he purchase another

typewriter that he could bring to the library to do his work. On April 21, 2005, two months after Defendants Adams and Woodford had been served in *Hooker v. Adams* (1:04-cv-06584), Defendant Simon instructed the librarian not to allow any inmates to bring in personal typewriters to the library. The prohibition applied to all inmates in the facility.

Plaintiff claims that Defendants discriminated against him under the Americans With Disabilities Act (ADA) and the Rehabilitation Act (RA) by denying him access to a computer and typewriter.

## II. Legal Standard

After the parties have filed their pleadings, either party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Rule 12(c) motions are meant to dispose of cases when there are no disputed material facts and a judgment on the merits "can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice." 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 1998). Typically, when the moving party includes in a Rule 12(c) motion matters outside the pleadings and the Court reviews those matters, the motion is treated as a motion for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, a court may consider documents that are "attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without converting the motion . . . into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *see* 5 Wright & Miller, § 1367.

Courts may take judicial notice of facts that are "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Indeed, a court must take judicial notice of facts when a party requests judicial notice and provides the relevant information to do so. Fed. R. Evid. 201(d). Judicial opinions are subject to judicial notice under Rule 201(b). *See*

*Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

### III. Discussion

The Defendants argue that Hooker's claims are precluded by res judicata in light of *Armstrong, et al. v. Davis, et al.*, a class action involving all then-present and future state prisoners with certain disabilities. 942 F.Supp. 1252 (N.D.Cal. 1996). The *Armstrong* order included a remedial plan and permanent injunction. *See* Defendants' Motion for Judgment on the Pleadings (Motion), Exs. 2 & 3.

Res judicata, or claim preclusion, performs a specific and important role in the judicial system, not the least of which is conserving judicial resources by avoiding excessive or duplicative litigation. *See In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). Res judicata applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)). The Court considers each of these elements in turn.

#### A. Identity of claims

An "identity of claims" arises when two suits have "the same transactional nucleus of facts." *Owens*, 244 F.3d at 714. A current claim is within the same nucleus of facts as a prior claim if the current claim could have been brought in the earlier action. *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) (citations omitted).

In this case, Hooker's claim of discrimination under the ADA and the RA related to library equipment and reasonable accommodation was raised and dealt with in the *Armstrong* class action. *See* Motion, Ex. 2 at 21. Hooker's claim is squarely aligned with the claims in *Armstrong* and his claim is precluded by the previous litigation.

#### B. Final judgment on the merits

"Permanent injunctions only take effect as part of a final judgment." *Andreiu v.*

3

*Ashcroft*, 253 F.3d 477 (9th Cir. 2001) (citing 11 Wright & Miller, §2947). Here, the permanent injunction and remedial plan in *Armstrong* constituted a final judgment. That judgment has a preclusive effect on future cases.

**C. Privity between parties**

A class member of a previous class action is bound by the judgment in the class action. *Dosier v. Miami Valley Broadcasting Corp.*, 656 F.2d 1295, 1298 (9th Cir. 1981). Judgments in a class action are binding on all the members of a class and those who may become members of a class. *L.A. Unified Sch. Dist. v.ессL.A. Branch NAACP*, 714 F.2d 935, 942 (9th Cir. 1983).

The class in *Armstrong* included "all present and future California state prisoners and parolees with mobility, sight, hearing, learning and kidney disabilities that substantially limit one or more of their major life activities." Motion, Ex. 1, at 2. That class was later clarified in the Remedial Plan, which states:

> A "qualified inmate/parolee" is one with a permanent physical or mental impairment which substantially limits the inmate/parolee's ability to perform a major life activity. Major life activities are functions such as caring for one's self, performing essential manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.

Motion, Ex. 3, at 1. Hooker identified that he is within this class in his complaint, stating that he is an inmate who suffers from dyslexia that impairs his learning abilities. Complaint at 2.

Because Hooker is a member of the class in *Armstrong*, the *Armstrong* permanent injunction was a final order, and Hooker seeks to raise the same issue as in *Armstrong*, Hooker's suit is precluded by res judicata. The *Armstrong* Court retained jurisdiction over the class action and future claims, requiring Hooker and others similarly situated to pursue a remedy through the Court's consent decree or class counsel. The Plaintiff appears to be free to pursue such remedies even though he is precluded from doing so here.

**IV. Conclusion**

Hooker's claim must fail and the Defendants' Motion must be granted because Hooker's claim is precluded by the previous class action in *Armstrong*. As a result, the Court does not reach the specific merits of Hooker's ADA and RA claims.

Accordingly, **IT IS HEREBY ORDERED** that:
1. Defendants' Motion for Judgment on the Pleadings is **GRANTED**.
2. Plaintiff's claim is **DISMISSED** without prejudice so that he may pursue a proper remedy.

DATED this 3rd day of September, 2010.

_____
John M. Roll
Chief United States District Judge